UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE DAVIS,<br><br>                    Plaintiff,<br><br>     v.<br><br>KING COUNTY LIBRARY et al.,<br><br>                    Defendants. | CASE NO. 2:25-cv-00980-LK<br><br>ORDER DENYING MOTIONS<br>AND DISMISSING COMPLAINT |

This matter comes before the Court on two of pro se Plaintiff Eugene Davis's motions: his motion for court-appointed counsel, Dkt. No. 8, and motion to order service of process via the U.S. Marshals, Dkt. No. 9. The Court also reviews Mr. Davis's complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court dismisses the complaint for failure to state a claim, which moots the motion to order service of process. The Court further finds that Mr. Davis is not entitled to court-appointed counsel at this time, so it denies that motion as well.

Mr. Davis brings this action against King County Library and its employees; he alleges that he "was a library patron" who "asked another library patron to lower the voice and library staff yelled and berated [him] in public also with a library ban." Dkt. No. 5 at 5. He appears to

bring two claims: a federal civil rights claim and a harassment claim. *Id.* at 3. Mr. Davis is proceeding *in forma pauperis*, Dkt. No. 4, and his case is thus subject to dismissal "at any time" if the Court determines that it fails to state a claim, 28 U.S.C. § 1915(e)(2)(B)(2)(ii).

A federal civil rights claim is typically brought under 42 U.S.C. § 1983, which allows individuals to sue state or local government officials for violations of constitutional rights or federal laws. To state a claim under Section 1983, Mr. Davis must show that (1) he suffered a violation of a right protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *see also, e.g.*, *Friedmann v. Franklin Pierce Pub. Sch.*, No. 3:22-CV-06010-LK, 2024 WL 4349550, at *14 (W.D. Wash. Sept. 30, 2024). Mr. Davis's claim fails at the outset because he does not identify what specific right was violated. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific [] right allegedly infringed."). To the extent Mr. Davis is attempting to bring a claim other than under Section 1983, he does not allege it. Although the Court will liberally construe pro se pleadings, it will not invent legal theories for Mr. Davis.

Mr. Davis's self-styled "public harassment" claim similarly fails. Dkt. No. 5 at 5. A standalone harassment claim is not a distinct federal cause of action; to the extent Mr. Davis seeks to bring a state law tort claim (for example, intentional infliction of emotion distress or defamation), the Court declines to hear it because it has dismissed the only claim over which it has original jurisdiction (the federal Section 1983 claim). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"); *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (describing the "district court's

discretionary authority . . . over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction").[1]

Finally, Mr. Davis's motion for court-appointed counsel is denied. There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). However, in "exceptional circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).[2] Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331.

Here, the likelihood of success on the merits is low in light of the Court's analysis above that Mr. Davis has not articulated a cognizable claim. And Mr. Davis's claims fail primarily for lack of detail, not because they are unusually complex. Although he might more articulately set forth the facts underlying his claims with the assistance of counsel, that is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013).

*    *    *

For the reasons explained above, Mr. Davis's complaint is DISMISSED without prejudice and with leave to amend. Mr. Davis may file an amended complaint within 30 days of this Order.

---

[1] The complaint does not allege that diversity jurisdiction exists here (and based on the allegations describing the parties, it does not). *See* Dkt. No. 5 at 4.

[2] The Court notes that Section 1915(e)(1) "does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307 (1989) (Section 1915(e) does not authorize compulsory appointments).

Mr. Davis's motion for court-appointed counsel is also DENIED, Dkt. No. 8, and his motion to motion to order service of process via the U.S. Marshals is DENIED AS MOOT, Dkt. No. 9.

Dated this 29th day of July, 2025.

*Lauren King*
Lauren King
United States District Judge