UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE DAVIS, | CASE NO. 2:25-cv-00980-LK |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| KING COUNTY LIBRARY et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. On July 29, 2025, the Court dismissed Mr. Davis's original complaint, Dkt. No. 5, without prejudice and with leave to amend "primarily for lack of detail." Dkt. No. 10 at 3. On August 27, 2025, Mr. Davis timely filed an amended complaint. Dkt. No. 11. Having reviewed the amended complaint, the record, and the applicable law, the Court again dismisses Mr. Davis's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

On May 16, 2025, Mr. Davis filed a proposed complaint against King County Library (Valley View), Marie Winders-Gaddis, and "Staff/Librarians," Dkt. No. 1-1, as well as a motion to proceed in forma pauperis (IFP), Dkt. No. 1. Mr. Davis was granted IFP, Dkt. No. 4, and his

ORDER DISMISSING COMPLAINT - 1

complaint was filed on the docket, Dkt. No. 5. In July 2025, Mr. Davis filed two motions—one requesting appointment of counsel, Dkt. No. 8, and another requesting an order for service of process by the United States Marshals, Dkt. No. 9.

In his original complaint, Mr. Davis alleged that he "was a library patron" who "asked another library patron to lower the voice and library staff yelled and berated [him] in public also with a library ban." Dkt. No. 5 at 5. The Court reviewed Mr. Davis's filings, identified two potential claims—a federal civil rights claim and a harassment claim—and dismissed his complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(2)(ii). Dkt. No. 10.[1] The Court remarked "Mr. Davis's claims fail primarily for lack of detail, not because they are unusually complex." *Id.* at 3. His motion for counsel was denied due to a low likelihood of success, and his motion to order service of process was denied as moot. *Id.* at 3–4. The Court allowed Mr. Davis to file an amended complaint within 30 days. *Id.* at 3.

On August 27, 2025, Mr. Davis timely filed an amended complaint. Dkt. No. 11. The amended complaint identifies "First Amendment Rights," "Fourteenth Amendment Rights," and the "Civil Rights Act [of] 1964" as having been violated by Defendants. *Id.* at 3.[2] However, Mr. Davis again includes no detail about those alleged violations. *See id.* at 3–5. Mr. Davis alleges, "The Defendant was acting under the color of law. I was discriminated based upon my race my right to public accommodation was infringed upon because of my race and the library is a public

---

[1] The Court declined to exercise supplemental jurisdiction over any remaining state law claims. *Id.* at 2–3.

[2] Mr. Davis listed three defendants in his original complaint, Dkt. No. 5 at 2, but lists only two defendants in his amended complaint, Dkt. No. 11 at 2. The Court notes that, despite this, the defendants listed in both versions of the complaint appear substantively identical. *Compare* Dkt. No. 5 at 2 (original complaint listing King County Library (Valley View) and—as separate entries—Marie Winders-Gaddis and "Staff/Librarians") *with* Dkt. No. 11 at 2 (amended complaint listing King County Library (Valley View) and—as the same entry—"Marie Winders-Gaddis / Librarians Staff").

ORDER DISMISSING COMPLAINT - 2

entity." *Id.* at 5. He seeks relief for "[e]motional distress in losing rights to use public library and being humiliated." *Id.*

## II.  DISCUSSION

As noted in the order dismissing Mr. Davis's original complaint, Dkt. No. 10 at 2, the Court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Despite the Court's warning that his original complaint failed "primarily for lack of detail," Dkt. No. 10 at 3, Mr. Davis's amended complaint again lacks detail. *See generally* Dkt. No. 11. In his original complaint, Mr. Davis said he "was a library patron" who "asked another library patron to lower the voice and library staff yelled and berated [him] in public also with a library ban." Dkt. No. 5 at 5. In the amended complaint, Mr. Davis alleges only that "[t]he Defendant was acting under the color of law. I was discriminated based upon my race my right to public accommodation was infringed upon because of my race and the library is a public entity." Dkt. No. 11 at 5.

A complaint needs to clearly set forth the "who, what, where, when, and why" necessary for the Court to understand what a plaintiff is alleging. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"). And Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(a complaint must give the defendant fair notice of the claim and the facts on which it rests, and "[f]actual allegations must be enough to raise a right to relief above the speculative level"). As outlined above, the amended complaint constitutes a "the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, with no facts from which the Court can understand what Mr. Davis is alleging, *see* Dkt. No. 11 at 5. Accordingly, Mr. Davis fails "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"), that is not limitless. Denying leave to amend is appropriate when the plaintiff fails to "correct the deficiencies" "outlined by the district court in dismissing his original complaint." *Gimbel v. California*, 308 Fed. Appx. 123, 124 (9th Cir. 2009); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation modified)). As set out above, Mr. Davis failed to cure the deficiencies set out by the Court when dismissing his original complaint. Therefore, the Court does not grant him leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Davis's amended complaint, Dkt. No. 11, without prejudice and without leave to amend. The Clerk is directed to close this case.

Dated this 16th day of September, 2025.

Lauren King
United States District Judge